UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| ROBERTO GARCIA HERNANDEZ<br>RAMONA ANGLERO TEXIDOR | : | CASE NO. 03-06147(SEK) |
| DEBTORS | : | CHAPTER 13 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| ROBERTO GARCIA HERNANDEZ<br>RAMONA ANGLERO TEXIDOR | : | |
| PLAINTIFFS | : | ADV. NO. 04-0064 |
| V. | : | |
| DOMINGO PETERSON<br>GINO NEGRETTI<br>JOSE CARRION, TRUSTEE | | FILED & ENTERED |
| DEFENDANTS | | JUL 27 2005 |

CLERK
U.S. BANKRUPTCY COURT

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

OPINION AND ORDER



With the filing of this complaint Debtors seek a determination that Co defendant Domingo Peterson (Peterson) is not a secured creditor of this estate.[1] Peterson answers, claiming he is entitled to secured status by virtue of a mechanic's lien over Debtors' commercial property pursuant to 29 Laws of P.R. Ann. § 186 *et seq.* For the reasons stated below, we rule in favor of Debtors finding Peterson is a general unsecured creditor of this estate in bankruptcy.

Both parties assert they are entitled to summary judgment as a matter of law based on the undisputed facts that follow. *Celotex*

---

[1] The only mention of Co defendant Negretti is to the effect that he represented Peterson in the State Court and he also filed the proof of claim on behalf of Peterson. No relief is requested against Co defendant Negretti. Hence, he is dismissed as a co defendant in this proceeding.

2

*Corp. v. Catrett* 477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986).

Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 11, 2003.

Domingo Peterson, through his counsel Gino Negretti, filed a proof claim in the amount of $29,000.00 plus legal interest for goods sold, services performed, materials and labor. Peterson claims secured status pursuant to 29 Laws of P.R. Ann. § 186. The basis for this claim is a partial final judgment entered in the Insular Courts against Debtors in an action for breach of contract and damages. The state court ruled Debtors owed Peterson $29,000.00 for providing labor force in a construction in Debtors' commercial property.[2]

### Discussion

The controversy in this case is limited to determining whether Debtors' property is encumbered by a statutory lien pursuant to 29 Laws of P.R. Ann. § 186 *et seq*.

Debtors argue that Peterson's failure to strictly adhere to the procedure delineated in the abovementioned sections of law puts into

---

[2] The state court found that on July 12, 1999, Debtor entered into a construction contract with Peterson, in which Peterson would provide the labor force for the amount of $35,000.00 payable in three installments. Debtor only paid an installment of $6,000.00, leaving an outstanding balance of $29,000.00. Based on this and other breaches of contract, Peterson filed an action for breach of contract, collection of monies and damages. Peterson asked for the entry of judgment summarily. Debtor failed to answer even after been ordered to do so by the state court. Debtor's counsel also failed to appear at the pre trial hearing. The court admitted Peterson's allegations and then entered judgment in his favor for $29,000.00 of unpaid labor.

3

question the existence, validity and extent of the lien purportedly encumbering their property.  Peterson's argument is twofold.  First, he argues the mechanic's lien of section 186 of Title 29 of the Laws of Puerto Rico is a statutory lien.[3]  Second, he avers that his filing of an ordinary action for breach of contract and damages instead of following the specific procedure established in said sections of law has no effect in the constitution of the lien.

A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation".  11 U.S.C. § 101(37).  A statutory lien is a "lien arising solely by force of a statute on specified circumstances or conditions, ... but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute".  11 U.S.C. § 101(53).

"Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.  *Butner v. U.S.* 440 U.S. 48, 54, 99 S.Ct. 914, 918 (1979).  "The 'basic federal rule' in bankruptcy is that state law governs the substance of claims."  *Raleigh v. Illinois Department of Revenue* 530 U.S. 15, 20, 120 S.Ct. 1951,1955 (2000).

Thus, we must look to the Laws of Puerto Rico to see the nature and the extent, if any, of Peterson's lien on Debtors' property.

29 Laws of P.R. Ann. § 186 states:



---

[3] Debtors do not contest the existence of a mechanic's lien pursuant to the Laws of Puerto Rico, nor that this mechanic's lien is a statutory lien.

4

> Whenever a worker or employee works on the
> construction, extension, maintenance or repair
> of any improvement, house or building, the total
> amount of the wages earned by him shall
> constitute a lien on said property, both when
> the work is done under the immediate direction
> of the owner and when contractors,
> subcontractors, jobbers, or builders intervene.
> With the exceptions provided by law, the said
> lien shall have preference as to payment over
> all other debts of the property owner.

In order to execute the lien, the law provides as follows:

> Every worker or employee who fails to receive
> any sum as compensation for work done under the
> conditions specified in the preceding section,
> may *execute* the said lien in accordance with the
> proceedings established by Act No. 10,1917, as
> amended by Act No. 12 of 1923; Provided, That
> before filing the judicial complaint, the
> workman or employee shall request payment from
> the owner or grantee of said property, or from
> his agent or representative, through the
> Department of Labor and Human Resources, or upon
> a written notice from the said worker or
> employee.

29 Laws of P.R. Ann. § 187 (Our emphasis.)

To *execute* means "to perform what is required to give validity to (as by signing or perhaps sealing and delivering)". *Webster's Third New International Dictionary* (unabridged) (1986). Hence, in order to be valid the lien should be executed following the procedures established by section 187 above. The Supreme Court of Puerto Rico adopted such view in the case of *Goss, Inc. v. Dycrex Construction & Company*[4] when it stated that with the approval of Act No. 73 of 1931 (29 Laws of P.R. Ann. § 186 *et seq.*) every worker or employee was granted the opportunity of constituting a lien on the property in which he or she has worked, encumbering such property



---

[4] 141 D.P.R. 342 (1996).

with preference as to payment over all other debts of the property owner up to the total amount of their wages.

The Supreme Court goes on to state:

> The lien granted in these cases, contrary to the action provided in the cited Article 1489, is subject to the worker, among other things, making a request for payment, to the owner or grantee of said property, or to its agent or representative, through the Department of Labor and Human Resources, and that subsequently to such request, filed a judicial complaint in which the facts of his claim were stated under oath and a description of the property affected by the lien is provided. 29 L.P.R.A. secs. 187 and 188. This law, also requires, that said claim be made within a term not greater than one (1) year after the conclusion of the work for which payment is requested. 29 L.P.R.A. sec. 190.
> *Evidently, the legislator subject the protection afforded by Law No. 73, supra, to the fulfillment of certain procedural events by the worker. Notwithstanding, the Legislative Assembly did not request the same formalities to confer the benefits of Article 1489, supra, providing only that, with a mere claim the worker or supplier becomes a direct creditor of the owner up to the amount the latter owes at that point in time.*

*Goss* 141 D.P.R. at 359 (Emphasis supplied.)(Our translation.)[5]

---



[5] El gravamen otorgado en estos casos, contrario a la acción provista en el citado Art. 1489, está sujeto a que el obrero, entre otras cosas, haga un requerimiento de pago al dueño o cesionario de dicha propiedad, o a su agente o representante, por conducto del Departamento del Trabajo y Recursos Humanos y a que, con posterioridad a dicho requerimiento, presente una querella judicial en la que exponga bajo juramento los hechos de su reclamación y describa la propiedad afecta al gravamén. 29 L.P.R.A. secs. 187 y 188. Esta ley requiere, a su vez, que dicha reclamación se realice dentro de un término no mayor de un (1) año después de concluido el trabajo de cuyo pago se reclama. 29 L.P.R.A. sec. 190.

Evidentemente, el legislador sujetó la protección de la Ley Núm. 73, supra, a la realización de ciertos eventos procesales por el obrero.

*Goss* 141 D.P.R. at 359.

6

The parties have not produced evidence showing the procedural events recited by the Supreme Court have been followed in this case. Peterson argues that following such procedures is not necessary for the constitution of the lien.  However, he did not cite any case law, or authorities to sustain his position, and we have not been able to find any.  Peterson relies on the case of *Segovia Development Corp. v. Constructora Maza[6]* , a case dealing with Article 1489 of the Civil Code of Puerto Rico, and not with Section 186 *et seq.* of Title 29.  31 Laws of P.R. Ann. § 1430; 29 Laws of P.R. Ann. § 186 *et seq.*  Precisely, the Supreme Court in *Goss* distinguishes between actions under these two sections finding that, unlike the direct action of Article 1489, workers should comply with certain procedural requirements in order to avail themselves with the protection of Section 186 of Title 29.

Moreover, the law provides that if a judgment upholding the claim is entered, it "shall state that the lien is legally constituted and shall direct payment within the five (5) days following the date on which said judgment becomes final".  29 Laws of P.R. Ann. § 191.  Here, the judgment entered by the Insular Court is silent on the matter of constitution of the lien, and it does not direct payments to be made within five days of its finality.

Wherefore, Peterson's request for summary judgment is denied.  Debtors' motion for summary judgment is granted.  We shall enter judgment accordingly. The Clerk shall schedule the hearing on



---

[6] 628 F.2d 724 (1st Cir. 1980)

confirmation in case no. 03-06147, which was held in abeyance awaiting the outcome of this adversary proceeding.

**SO ORDERED,** in San Juan, Puerto Rico, this 27th day of July, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge